UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                               Case No: 2:18-cv-331-FtM-29CM

MICHAEL PERRY and CITY OF
FORT MYERS,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Application for Entry of Default Against Defendant Michael Perry in Accordance with Rule 55(a) Fed. R. Civ. P. filed on November 27, 2018. Doc. 20. Plaintiff seeks an entry of Clerk's default under Rule 55(a) of the Federal Rules of Civil Procedure against Defendant Michael Perry for failure to defend. *Id.* For the reasons stated below, the motion will be denied.

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P[.]

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must

first determine whether Plaintiff properly effected service of process. *See United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

An individual may be served by delivering a copy of the summons and complaint to the individual personally, or at the individual's usual place of abode with a co-resident who is at least 15 years old. Fed. R. Civ. P. 4(e)(2)(A)-(B); Fla. Stat. § 48.031(1)(a). Further, Florida Rule of Civil Procedure 1.070(i) permits defendants to accept service of process by mail, but service on an individual by certified mail is inherently sufficient only if the individual waives personal service. *See* Fla. R. Civ. P. 1.07(i); *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009); *Transport & Gen. Ins. Co. v. Receiverships of Ins. Exch. Of the Ams., Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991). Here, the U.S. Marshal 285 Form indicates Mr. Perry—who Plaintiff is suing in his individual capacity—was served via certified mail at Mr. Perry's purported place of employment, the Fort Myers Police Department. Doc. 19. There is no indication Mr. Perry chose to accept service of process by mail, waived service of process, or is otherwise aware of this lawsuit. Therefore, it does not appear service was properly effected on Mr. Perry. *See* Fed. R. Civ. P. 4(e); Fla. Stat. § 48.031(1)(a); *cf. Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (finding leaving summons and complaint with individual at police officer's place of employment was not proper service on the police officer); *Transport & Gen. Ins. Co.*, 576 So.2d at 1352 (finding service by certified mail absent a service waiver insufficient under Fla. R. Civ. P. 1.070(i)).

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Application for Entry of Default Against Defendant Michael Perry in Accordance with Rule 55(a) Fed. R. Civ. P. (Doc. 20) is **DENIED**.

2. The Clerk is directed to mail a summons as to Defendant Michael Perry and a U.S. Marshal 285 form to Plaintiff. Plaintiff shall have **THIRTY (30) DAYS** from the date of this Order to prepare and forward the completed service documents, along with sufficient copies of the Amended Complaint, to the Clerk for service by the United States Marshal. Failure to provide these documents within the time period will cause the Court to recommend that the claims against Mr. Perry be dismissed.

3. Upon receipt of the completed service documents and Amended Complaint, the United States Marshal is directed to effect service of process without prepayment of costs or fees in a manner consistent with Rule 4 of the Federal Rules of Civil Procedure and Florida law.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record