UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                                                                  Case No: 2:18-cv-331-FtM-29CM

MICHAEL PERRY and CITY OF
FORT MYERS,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Applications for Entries of Default Against Defendants Michael Perry and City of Fort Myers in Accordance with Rule 55(a) Fed. R. Civ. P. filed on January 3, 2019. Docs. 25, 27. For the reasons stated below, the Court will deny the motions as moot.

Under Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). "Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, No. 3:11-cv-926-J-32MCR, 2011 WL 4501385, at *1 (M.D.

Fla. 2011) (citing *Kilpatrick v. Town of Davie*, No. 08-60775-CIV, 2008 WL 3851588 (S.D. Fla. 2008)). Simply because a defendant fails to timely respond to a complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.*

Here, Plaintiff claims the entry of Clerk's defaults against Mr. Perry and the City of Fort Myers is appropriate because Defendants have demonstrated an intentional or reckless disregard for judicial proceedings. Doc. 25 at 2; Doc. 27 at 2. The Court disagrees. Both Mr. Perry and the City of Fort Myers filed motions to dismiss on January 4, 2019—the day after Plaintiff filed the present motions. *See* Docs. 29, 30. As the Court denied Plaintiff's prior motion for Clerk's default because Mr. Perry had not been properly served, neither party has demonstrated intentional or reckless disregard for judicial proceedings in this case. *See* Docs. 20, 22; *see also generally* the Docket. Therefore—as anticipated by Plaintiff—the Court will deny Plaintiff's motions as moot in the interests of adjudicating this case on the merits.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Application for Entry of Default Against Defendant Michael Perry in Accordance with Rule 55(a) Fed. R. Civ. P. (Doc. 25) is **DENIED as moot**.

2. Plaintiff's Application for Entry of Default Against Defendant City of Fort Myers in Accordance with Rule 55(a) Fed. R. Civ. P. (Doc. 27) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties