UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                               Case No: 2:18-cv-331-FtM-29UAM

MICHAEL PERRY, individual capacity and CITY OF FORT MYERS, official capacity,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Michael Perry's Amended Motion to Dismiss Plaintiff's Amended Complaint (Doc. #29) and defendant City of Fort Myers' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #3), both filed on January 4, 2019. In response, plaintiff filed a Motion to Respond Defendant's Michael Perry Motion to Dismiss (Doc. #32) on January 8, 2019, and a Motion to Respond Defendant's City of Fort Myers Motion to Dismiss (Doc. #33). For the reasons set forth below, defendant Perry's motion is granted, defendant City of Fort Myers' motion is denied in part and granted in part, and plaintiff is granted leave to file an amended complaint.

**I.**

Under Federal Rule of Civil Procedure 8(a), a Complaint must contain a "short and plain statement of the grounds for the court's

jurisdiction", and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-

2

step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

**II.**

In the Amended Complaint (Doc. #15), plaintiff Mamberto Real (Real or plaintiff) alleges that on or about Christmas Day 2016, he lost his apartment because he lost his job. Plaintiff became homeless, and was living in his car before being admitted at Shelter Bob James Triage. Plaintiff was discharged from the shelter on February 10, 2017, but remained in the shelter's parking lot sleeping in his car at night.

On February 15, 2017, at approximately 12:40 a.m., defendant Michael Perry (Perry), a Police Officer with the City of Fort Myers, approached plaintiff's car, shined a flashlight into his car, and stated "Hey you they do not want you here, I already know you have driver license, you have five (5) seconds to leave or I am going to shoot you NIGGER." (Doc. #15, ¶ 10.) Perry started counting, and when he reached five he removed his firearm from its

3

holster and pointed it at plaintiff's face. At that moment, Officer Adam J. Miller intervened and placed his body between the gun and plaintiff. Plaintiff showed that his hands were empty; plaintiff asserts he had no weapons in the car, and was not a physical threat to the officer. Plaintiff left the parking lot on his own, without injury or arrest. Perry was exonerated of any wrongdoing after an investigation.

The Amended Complaint alleges three claims against Officer Perry: A violation of due process for his reckless indifference to plaintiff's rights by intentionally displaying a weapon in plaintiff's face when he posed no threat (Count One); excessive force in violation of his Fourth Amendment rights despite plaintiff not actively resisting arrest or attempting to evade arrest (Count Two); and violation of his equal protection rights because he was treated in a discriminatory fashion when compared to a similarly situated Caucasian (Count Three). Count Four is brought against the City of Fort Myers for having a custom, policy, and practice of ignoring and failing to discipline misconduct of deputies when they unreasonably violate constitutional rights by excessive force, covering up wrongdoing, and by discriminating. Plaintiff alleges that the actions of Perry were sanctioned by the City of

Fort Myers by failing to adequately supervise and train officers. All counts are brought pursuant to 42 U.S.C. § 1983.[1]

**III.**

Plaintiff alleges that defendant Michael Perry violated his due process rights, acted unreasonably with excessive force, and violated plaintiff's equal protection rights. Defendant argues that plaintiff has failed to state any claim against him and that he is entitled to qualified immunity. "In any § 1983 case, we must begin our analysis by identifying "the precise constitutional violation" the defendant has allegedly committed. Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013) (per curiam)." Alcocer v. Mills, 906 F.3d 944, 952 (11th Cir. 2018).

**A. Excessive Force**

The Supreme Court has rejected the "notion that all excessive force claims brought under § 1983 are governed by a single generic standard." Graham v. Connor, 490 U.S. 386, 393 (1989) ("Today we . . . hold that all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under

---

[1] Section 1983 allows a citizen who has been subjected to a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," by any person acting under the color of state or federal law to bring suit against that person. 42 U.S.C. § 1983. "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).

5

the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") Rather, "[i]n addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham, 490 U.S. at 394 (citation omitted). "Graham simply requires that if a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997).

Different constitutional rights will be at issue in excessive force claims arising in different factual contexts. An excessive force claim in the context of a pre-arrest, non-seizure police contact is analyzed under the Fourteenth Amendment substantive due process standard even after Graham. Wilson v. Northcutt, 987 F.2d 719, 721-22 (11th Cir. 1993); Carr v. Tatangelo, 338 F.3d 1259, 1271 (11th Cir. 2003). But, substantive due process analysis is inappropriate in a case if plaintiff's claim is "covered by" the Fourth Amendment. City of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). The Fourth Amendment covers only searches and seizures.[2] Id.

---

[2] There is no alleged search, and there was no covered seizure or detention in this case, therefore the Fourth Amendment does not apply. See Maryland v. Wilson, 519 U.S. 408, 412 (1997)

6

In the Eleventh Circuit, the Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) criteria are applied to a substantive due process violation by considering "the need for force, the relationship between the need for force and the amount of force used, the extent of injury inflicted, and 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Wilson v. Northcutt, 987 F.2d 719, 722 (11th Cir. 1993) (citations omitted). The Eleventh Circuit has held that "an officer's drawing a weapon and ordering a person stopped to lie on the ground does not necessarily constitute excessive force during an investigatory stop." Jackson v. Sauls, 206 F.3d 1156, 1171–72 (11th Cir. 2000).

Accepting plaintiff's version of the facts, plaintiff was in the parking lot of the shelter from which he had been removed. Perry approached an occupied vehicle parked at night, and counted to five for plaintiff to exit the vehicle. When he reached five and plaintiff had not complied, the officer removed his firearm

---

(Concluding that "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable seizures."). Further, the officer did not convert his lawful encounter with a person he knew to be in a private parking lot without approval into an unlawful one by simply drawing his firearm. United States v. Gibbs, 917 F.3d 1289, 1297 (11th Cir. 2019) ("[T]he mere fact that an officer drew his weapon does not transform an otherwise lawful stop into an unlawful detention.").

7

from its holster and pointed it at plaintiff's face. At that moment, Officer Adam J. Miller intervened and placed his body between the gun and plaintiff. Applying the Johnson factors, drawing the weapon in such a manner when plaintiff was not touched, arrested, or injured was not the application of excessive force. While plaintiff's vehicle was stopped prior to the officer's arrival, the officer knew plaintiff was not authorized to be in the parking lot and properly directed plaintiff to exit the vehicle as a matter of course. The motion to dismiss will be granted as to the claim of excessive force.

**B. Equal Protection**

"[T]he Constitution prohibits selective enforcement of the law based on considerations such as race." Whren v. United States, 517 U.S. 806, 813 (1996). "To succeed in an action alleging selective prosecution based on discriminatory animus, plaintiff must show: (1) he was treated differently from other similarly situated individuals, i.e. others outside of his group in similar situations were not prosecuted, and (2) he was singled out for different treatment because of his association with an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights." Lozman v. City of Riviera Beach, 39 F. Supp. 3d 1392, 1418 (S.D. Fla. 2014) (citations omitted).

8

Plaintiff alleges that Perry used a racial slur, and that plaintiff is a minority, but does not indicate how he was treated differently from any other actual person, or how he was singled out for different treatment because of his race or national origin. Plaintiff was not arrested or injured, and Perry took no action to violate plaintiff's constitutional rights based on his race or national origin. The Court finds that plaintiff has failed to state a claim for equal protection.

A plaintiff may state an equal-protection "class of one" claim if he alleges that he has been intentionally treated differently from other people who are similarly situated to him and that no rational basis supports the difference in treatment. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1200-02 (11th Cir. 2007). To be similarly situated, the comparators must be prima facie identical in all relevant respects. Grider v. City of Auburn, 618 F.3d 1240, 1264 (11th Cir. 2010). In addition, a plaintiff must allege more than broad generalities in identifying a comparator. Griffin Indus., 496 F.3d at 1204.

Here, Real did not provide sufficient facts about comparators to show that they were similarly situated and that he was treated differently from them. See Griffin Indus., Inc., 496 F.3d at 1202-05; Grider, 618 F.3d at 1264. As a result, he did not allege enough plausible facts on the face of the complaint to support the claim stated. See Twombly, 550 U.S. at 570.

**C. Qualified Immunity**

The Court follows a "two-step sequence for resolving government officials' qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." "[I]f the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232 (2009) (citations omitted). As the Court finds that plaintiff has failed to adequately allege any constitutional violations against Perry, the Court need not reach the second step.

**IV.**

The City of Fort Myers is only named in Count Four of the Amended Complaint, and the City raises one issue in its motion to dismiss: subject matter jurisdiction. Plaintiff previously filed an identical suit based on the same set of facts. See Real v. The City of Fort Myers, 2:17-cv-117-FTM-38CM. On May 7, 2018, the case was dismissed without prejudice because "it is unclear what constitutional rights Defendants allegedly violated when Real was neither arrested nor seized. . . . In short, Real does not allege any elements of constitutional violations to give rise to federal question jurisdiction. The Court thus lacks subject matter jurisdiction and dismisses this case without prejudice." (Id., Doc. #51.) The City of Fort Myers argues that plaintiff still

fails to establish subject matter jurisdiction because no injury can be traced to defendant's actions, and therefore no case or controversy is present.

The Amended Complaint adequately asserts the district court's subject-matter jurisdiction under 28 U.S.C. § 1331. The threshold question in determining whether a claim presents federal-question jurisdiction under 28 U.S.C. § 1331 is whether the matter in controversy arose under the Constitution, laws, or treaties of the United States. Bell v. Hood, 327 U.S. 678, 681–82 (1946). Here, Real asserts claims under the Fourth Amendment, the Due Process Clause, and the Equal Protection Clause of the United States Constitution which, while insufficiently pled, are not so "wholly insubstantial and frivolous" as to negate the existence of jurisdiction. Bell, 327 U.S. at 682–83. The City's motion to dismiss for lack of subject matter jurisdiction is therefore denied.

Count Four cannot stand, however, because all of the claims against the officer are being dismissed. The City cannot be vicariously liable for the conduct of its officer if that conduct did not violate the law, and therefore plaintiff has failed to state a claim against the City. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) ("There is no respondeat superior liability making a municipality liable for the wrongful actions of

its police officers in making a false arrest.") (citing <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978)).

Accordingly, it is now

**ORDERED:**

1. Defendant Michael Perry's Amended Motion to Dismiss Plaintiff's Amended Complaint (Doc. #29) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** as to Michael Perry.

2. Defendant City of Fort Myers' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #3) is **DENIED** as to the lack of subject matter jurisdiction, but is **GRANTED** as to failure to state a claim. The Amended Complaint is **dismissed without prejudice** as to the City of Fort Myers.

3. Because plaintiff may be able to allege a plausible cause of action, plaintiff will be granted leave to file an amended complaint within **fourteen (14) days** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of August, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record