```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MAMBERTO REAL,

      Plaintiff,

v.	Case No: 2:18-cv-331-FtM-29NPM

MICHAEL PERRY, individual capacity and CITY OF FORT MYERS, official capacity,

      Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on review of defendant City of Fort Myers and defendant Michael Perry's Motions to Dismiss Plaintiff's Second Amended Complaint (Docs. ## 60, 61) filed on August 27, 2019. Plaintiff filed a Motion to Respond Defendant's Michael Perry Motion to Dismiss (Doc. #62) on August 29, 2019, and a Motion to Respond Defendant's City of Fort Myers Motion to Dismiss (Doc. #63) on September 3, 2019. For the reasons stated below, the motions are due to be granted.

**I.**

Under Federal Rule of Civil Procedure 8(a), a Complaint must contain a "short and plain statement of the grounds for the court's jurisdiction", and a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). This obligation "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

On August 1, 2019, the Court dismissed plaintiff's Amended Complaint without prejudice to filing a Second Amended Complaint to the extent that plaintiff could state a plausible claim. (Doc. #55.) The Second Amended Complaint (Doc. #59) asserts the following facts: On or about December 25, 2016, plaintiff lost his apartment after losing his job. Plaintiff became homeless and living in his car so he was admitted at Shelter Bob James Triage in Fort Myers, Florida. Plaintiff was discharged from the shelter

2

on or about February 10, 2017, but remained homeless so he spent his nights in his car in the parking lot of the shelter.

On February 15, 2017, around 12:40 am, Officer Michael Perry approached plaintiff's car with a flashlight illuminating the interior of the car without an introduction. Officer Perry stated "Hey you they do not want you here, I already know you have driver license, you have five (5) seconds to leave or I am going to shoot you NIGGER." (Doc. #59, p. 5.) Officer Perry started counting to 5, and when he reached 5, Officer Perry removed his firearm from its holster and pointed it at plaintiff's face. At that moment, another officer, Officer Adam J. Miller, intervened by placing his body between the gun and plaintiff. Plaintiff alleges that Officer Miller saved his life. Plaintiff showed that his hands were empty, he had no weapons in the car, and plaintiff states that he presented no physical threat to the Officers. Plaintiff states that Officer Miller has since passed, but Officer Brittany Morris was also on the scene with knowledge of the events. Plaintiff left the parking lot without physical injury or arrest. The same day, around 8:00 am, plaintiff filed a complaint against Officer Perry at the Fort Myers Police Department. The investigation was opened, however Officer Perry's body camera was broken and there was no recording and Officer Perry was exonerated of any wrongdoing.

In Count One, plaintiff alleges excessive force against Officer Perry. Plaintiff alleges that he was not actively resisting arrest or attempting to evade arrest. Plaintiff was looking for the key to the car to leave the parking lot and was not near Officer Perry. Plaintiff states that he had not committed any illegal acts, and he was not a suspect for any crime. Officer Perry knew that the 911 phone call came from the shelter, and Officer Perry was informed by the shelter that plaintiff had a valid driver license. Officer Perry knew that plaintiff was homeless and sleeping in his car, and that the shelter's administrative staff wanted plaintiff removed from the parking lot. The shelter did not warn or tell plaintiff to leave the parking lot. Plaintiff alleges that Officer Perry's conduct of displaying a firearm showed a disregard of the risk of harm, and violated his constitutional rights because Officer Perry had no probably cause for arrest.

In Count Two, plaintiff alleges that the City of Fort Myers has a custom, policy, and practice of ignoring and failing to discipline misconduct of officers when they use unreasonable excessive force. Plaintiff alleges that Officer Perry's acts and omissions were carried out under the policies and practices of the City of Fort Myers Police Department, and the City encouraged or condoned his unconstitutional acts.

**III.**

The Court previously set forth the applicable standard when reviewing a Fourteenth Amendment excessive force claim. (Doc. #55, p. 6.) The only additional and relevant facts added in the Second Amended Complaint are that Officer Perry's camera was broken and an additional witness was present at the scene. The previous finding still applies: "Applying the Johnson[1] factors, drawing the weapon in such a manner when plaintiff was not touched, arrested, or injured was not the application of excessive force. While plaintiff's vehicle was stopped prior to the officer's arrival, the officer knew plaintiff was not authorized to be in the parking lot and properly directed plaintiff to exit the vehicle as a matter of course." (Id., p. 8.) Plaintiff's Second Amended Complaint suffers from the same deficiencies in that it fails to allege a constitutional violation. For the same reason, i.e., the lack of a constitutional violation, the Count against the City of Fort Myers must also fail. See Doc. #55, p. 11 (Noting that the "City cannot be vicariously liable for the conduct of its officer if that conduct did not violate the law.").

The Court finds that allowing further amendments will not alter the result in this case, and plaintiff is unable to state a plausible claim against the Officer and the City of Fort Myers.

---

[1] Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).

5

Therefore, the case will be dismissed with prejudice and without leave to amend.

Accordingly, it is now

**ORDERED:**

1. Defendant City of Fort Myers and defendant Michael Perry's Motions to Dismiss Plaintiff's Second Amended Complaint (Docs. ## 60, 61) are **GRANTED** and the Second Amended Complaint is **dismissed with prejudice**.

2. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record