UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                         Case No:   2:18-cv-331-FtM-29NPM

MICHAEL PERRY, individual capacity and CITY OF FORT MYERS, official capacity,

    Defendants.

**OPINION AND ORDER**

On April 28, 2020, the Court reopened the case after a remand from the Eleventh Circuit affirming in part, reversing in part, and remanding for consideration of the claims against Perry pursuant to a Fourth Amendment analysis. (Doc. #73.) The parties were directed to file supplemental memoranda addressing the Fourth Amendment analysis and qualified immunity. On June 4, 2020, plaintiff filed his Supplemental Memorandum (Doc. #76) and on June 12, 2020, defendant filed his Supplemental Response (Doc. #80). The matter is now ripe for review.

**A. Procedural Background**

On September 19, 2019, the Court issued an Opinion and Order (Doc. #64) finding no excessive force under a Fourteenth Amendment analysis, and no claim against the City because there is no vicarious liability. The Court granted defendants' motion to

dismiss, and dismissed the Second Amended Complaint with prejudice. Judgment (Doc. #65) was entered, the case was closed, and plaintiff appealed.

On Appeal, the Eleventh Circuit vacated the dismissal of Officer Michael Perry on the basis of a Fourteenth Amendment excessive force claim, but affirmed the dismissal of the City of Fort Myers. The case was remanded to consider that plaintiff was "seized" pursuant to the Fourth Amendment because Officer Perry drew his weapon and pointed it at plaintiff, and plaintiff believed he was not free to leave. The issue of qualified immunity was not reached.

### B. Discretionary Function

> A government official acting in the course and scope of his employment is shielded from suit against him in his individual capacity if, while performing a discretionary function, his conduct did not violate a clearly established constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).[] To survive a motion to dismiss based upon qualified immunity, the plaintiff must have alleged sufficient facts to support a finding of a constitutional violation of a clearly established law. See Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009). Although we take the allegations of the complaint to be true on motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Furthermore, "the tenet that a court must accept as true all of the

> allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).
>
> We find no merit to plaintiffs' contention that the defendants were not exercising their discretionary authority in implementing this policy. The defendants established that the acts they undertook are "of a type that fell within the employer's job responsibilities." Crosby v. Monroe Cnty., 394 F.3d 1328, 1332 (11th Cir. 2004).

Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1198–99, 1198 n.3 (11th Cir. 2012).  The fact that the Officer was performing a discretionary function within his official duties by responding to a trespassing call is not disputed.  (Doc. #80, p. 8.)

**C. Clearly Established Constitutional Right**

The following facts were summarized by the Court in the Opinion and Order:  On February 15, 2017, around 12:40 am, Officer Michael Perry approached plaintiff's car with a flashlight illuminating the interior of the car without an introduction. Officer Perry stated "Hey you they do not want you here, I already know you have driver license, you have five (5) seconds to leave or I am going to shoot you NIGGER." (Doc. #59, p. 5.)  Officer Perry started counting to 5, and when he reached 5, Officer Perry removed his firearm from its holster and pointed it at plaintiff's face. At that moment, another officer, Officer Adam J. Miller, intervened by placing his body between the gun and plaintiff.

Plaintiff alleges that Officer Miller saved his life. Plaintiff showed that his hands were empty, he had no weapons in the car, and plaintiff states that he presented no physical threat to the Officers. (Doc. #64, p. 3.)

As noted by the Eleventh Circuit,

> A seizure occurs if, 'in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' Brendlin v. California, 551 U.S. 249, 255, 127 S. Ct. 2400, 2405, 168 L. Ed. 2d 132 (2007) (quoting United States v. Mendenhall, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980) (citing as an example of a seizure as when an officer displays a weapon)). Taking Real's allegations in his complaint as true, as we must at a motion to dismiss stage, we conclude that Real was "seized" when Officer Perry drew his weapon and pointed it at Real. We see no justification for the conduct exhibited by Officer Perry here. In fact, the Constitution forbids such egregious official misconduct. Moreover, viewing all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. See Mendenhall, 446 U.S. at 554, 100 S. Ct. at 1877. See also Florida v. Bostick, 501 U.S. 429, 435–36, 111 S. Ct. 2382, 2386–87, 115 L. Ed. 2d 389 (1991) (measuring "coercive effect of the encounter" by asking whether "a reasonable person would feel free to decline the officer['s] requests or otherwise terminate the encounter"). Although Real's complaint does not allege that Officer Perry applied any physical force against him, there was without question an initial "show of authority" when Officer Perry pointed his gun at Real. Cf. California v. Hodari D., 499 U.S. 621, 626–29, 111 S. Ct. 1547, 1550–52, 113 L. Ed. 2d 690 (1991) (seizure can occur when a person submits to

>   the assertion of authority). In making this decision, we are mindful "that the Fourth Amendment governs 'seizures' of the person which do not eventuate in a trip to the station house and prosecution for crime—'arrests' in traditional terminology," and that "[i]t must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Corbitt, 929 F.3d at 1313 (quoting Michigan v. Summers, 452 U.S. 692, 696 n.5, 101 S. Ct. 2587, 2591 n.5, 69 L. Ed. 2d 340 (1981)).

Real v. Perry, No. 19-13808, 2020 WL 1922914, at *2 (11th Cir. Apr. 21, 2020).  The Court finds that Officer Perry did violate a clearly established constitutional right by pulling his weapon on Real so that Real felt he was trapped or seized without the freedom to go anywhere.  The Court finds that a reasonable person would have would have felt seized.

Based upon the law of the case, the Court finds that the motion to dismiss will be denied as to the arguments relating to plaintiff's ability to present a cause of action, and plaintiff may proceed on a Fourth Amendment claim of an illegal seizure.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc.#61), upon consideration under the Fourth Amendment is **DENIED**.  The motion is also denied as to the request for

qualified immunity.  Defendant shall file an answer within **FOURTEEN (14) DAYS** of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of June, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record