```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

MAMBERTO REAL,

    Plaintiff,

v.                              Case No: 2:18-cv-331-JES-NPM

MICHAEL PERRY, individual capacity,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Officer Perry's Motion in Limine (Doc. #109) filed on April 22, 2021. Plaintiff filed a Response in Opposition (Doc. #110) on May 5, 2021.

Plaintiff's deadline to disclose expert reports was November 2, 2020. (Doc. #98.) Defendant argues that no experts were disclosed at that time, but on March 15, 2021, plaintiff responded with unverified responses to defendant's request for trial interrogatories disclosing potential expert witnesses for the first time. (Doc. #109, ¶¶ 8, 11.) Among the listed witnesses, plaintiff included treating doctors Dr. Shari Chovian, Dr. Patricia Daneshmand, and Dr. Syed. (Doc. #110, p. 1.) Defendant argues that he has been prejudiced by the unavailability of plaintiff's experts as he has been unable to depose them as to the

expert opinions. (Doc. #109, p. 4.) The Joint Pre-Trial Statement (Doc. #114) lists "None" for expert witnesses.

Generally, a party must disclose the identity of any witness it may use to present evidence. Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Generally, treating physicians are not required to submit expert reports under Rule 26(a)(2)(B)." Martin v. Wal-Mart Stores E., LP., No. CV418-197, 2020 WL 5949222, at *2 (S.D. Ga. Oct. 7, 2020). "Although we agree that a treating physician may testify as a lay witness regarding his observations and

decisions during treatment of a patient, once the treating physician expresses an *opinion* unrelated to treatment which is "based on scientific, technical, or other specialized knowledge," that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by Daubert[1]." Wilson v. Taser Int'l, Inc., 303 F. App'x 708, 712 (11th Cir. 2008). "When such a situation presents itself, the trial court must determine whether testimony not grounded in the physician's own experience meets the standard for admission as expert testimony." Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317 (11th Cir. 2011).

Plaintiff states that the treating physicians "acquired their opinions as to the cause of injuries directly through their treatment of Plaintiff, at the time of their treatment." (Doc. #110, p. 3.)

> Moreover, treating physicians testifying as lay witnesses may provide opinions as to the causation of injury, as long as those opinions were "formed during the course of treatment rather than as part of litigation preparation," Donaldson v. United States, No. 6:09-cv-1049-Orl-28GJK, 2011 WL 1806990, at *1 (M.D. Fla. May 11, 2011), and as long as the determination of causation was necessary for treatment and the physician's opinions are helpful to a clear understanding of her testimony, United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005); see also Straw v. Aquatic Adventures Mgmt. Grp., Inc.,

---

[1] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

No. 5:11-cv-102/RS-CJK, 2011 WL 6099538, at *1 (N.D. Fla. Dec. 7, 2011).

<u>In re Am. Airlines Flight 331</u>, No. 10-20131-CV, 2013 WL 12340490, at *3 (S.D. Fla. Sept. 3, 2013).  The Court will deny the motion at this time with the understanding that the treating physicians are limited to testifying about their opinions formed during the course of treatment, and the determination of causation as was necessary for treatment.  <u>Id.</u>

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion in Limine (Doc. #109) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of August 2021.

_____<br>
JOHN E. STEELE<br>
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record