```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

MAMBERTO REAL,

      Plaintiff,

v.                             Case No: 2:18-cv-331-JES-NPM

MICHAEL PERRY, individual capacity,

      Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion Under Fed. R. C. P 60(b)(3), Fraud, Misrepresentation, or Misconduct by an Opposite Party, Seeking New Trial, and Asking Permission From the Eleventh Circuit Court of Appeals to Proceed (Doc. #167) filed on January 13, 2022. Defendant filed a Response (Doc. #169) on January 25, 2022. For the reasons set forth below, the motion is denied.

"The purpose of a Rule 60(b) motion is to permit the trial court to reconsider matters so that it can correct obvious errors or injustices and perhaps obviate the laborious process of appeal. Carter ex rel. Carter v. United States, 780 F.2d 925, 928 (11th Cir. 1986)." Berber v. Wells Fargo, NA, 20-13222, 2021 WL 3661204, at *2 (11th Cir. Aug. 18, 2021), cert. filed, No. 21-991 (Jan. 12, 2022). To prevail under Rule 60(b)(3), a movant must prove by clear and convincing evidence that an adverse party obtained the verdict through fraud, misrepresentation or other misconduct. Cox

Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). "The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000). Plaintiff has shown none of these items.

Plaintiff argues that witnesses "Dane" Cuffe and James Warren were added on the Amended Witness List (Doc. #136) one day before trial. Plaintiff's counsel did not object to the addition of the witnesses and did not object when "Dane" Cuffe was called to the stand. Further, "Dana[1]" Cuffe was previously identified in the Joint Pre-Trial Statement filed on July 15, 2021. (Doc. #114, p. 3.) There was no misconduct or fraud in listing the two witnesses and calling Dane Cuffe as a witness at trial.

Plaintiff also argues that Dane Cuffe was brought in to falsely testify, as shown by her inconsistent testimony. Plaintiff argues that at trial she stated that she had never personally met plaintiff, which was different from what she stated during the Internal Affairs investigation (Doc. #167-1) about plaintiff being volatile. The Internal Affairs Investigation report was not admitted before the jury. Dane Cuffe's testimony was what she personally recalled from 4 years earlier, and counsel

---

[1] Ms. Cuffe is identified as Dane in most documents and sometimes Dana. The Court will refer to her as Dane.

for plaintiff cross-examined the witness. Ms. Cuffe testified that she had dealings with Mr. Real as an employee at the facility when he was there, but she could not recall how long he stayed at the facility. Ms. Cuffe heard normal conversation and no yelling. She also did not see a gun, or anything that would require the pointing of a gun. The Court finds no fraud or misconduct by opposing counsel.

Plaintiff also argues that opposing counsel showed the jury some photographs of plaintiff's vehicle taken long after the incident without asking the court for permission. (Doc. #164-2, pp. 5-9.) Plaintiff argues that the photographs were submitted to confuse the jury by inferring that the many belongings were in the vehicle during the incident despite plaintiff's testimony otherwise. In response, defendant states that the photographs were taken the same day, just a few hours later, and were introduced and entered as exhibits at trial without objection. The photographs were admitted through defendant Michael Perry without objection. Plaintiff had the opportunity to cross-examine Officer Perry, who agreed he did not take the pictures and did not know what day they were taken. There was no fraud or misconduct in the introduction or admission of the photographs.

Plaintiff also argues that the Court's instructions required all jurors to always remain together, but plaintiff and counsel observed a juror standing in front of the courthouse without the

other jurors. The Court did not require that the jurors to stay together at all times. After closing arguments and before deliberations, the Court instructed the jurors as follows:

> During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device with access to the internet, or any social media such as Facebook (Meta) or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(Doc. #144, pp. 9-10.) The Court finds no basis for a new trial.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion Under Fed. R. C. P 60(b)(3), Fraud, Misrepresentation, or Misconduct by an Opposite Party, Seeking New Trial, and Asking Permission From the Eleventh Circuit Court of Appeals to Proceed (Doc. #167) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___28th___ day of February 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Parties of Record